UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES WAYNE ONTEGO**       **DOC # 719675** | : | **DOCKET NO. 17-cv-1083**       **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN LOCKS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 4] filed pursuant to 42 U.S.C. § 1983 by Charles Wayne Ontego, who is proceeding *pro se* and *in forma pauperis* in this matter. Ontego is an inmate in the custody of the Louisiana Department of Safety and Corrections and was incarcerated at the Concordia Parish Correctional Center in Ferriday, Louisiana, when he filed his complaint. *See* doc. 4, p. 2. Since that time he has been released from prison. Doc. 9. However, his claims relate to events that occurred at the Jefferson Davis Parish Jail in Jennings, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under 42 U.S.C. § 1997e(a). Ontego may refile his complaint when he has exhausted his administrative remedies.

**I.**
**BACKGROUND**

Ontego brings this suit to complain of conditions at the Jefferson Davis Parish Jail during his stay there from January through July 2017. Doc. 4, p. 3. Namely, he alleges that he was not

given any outdoor recreation time, that food was left uncovered and often had hair in it, and that Warden Locks once filled the cell with pepper spray when inmates were being loud. *Id.* Ontego admits that he did not file an administrative grievance related to these claims, stating that he had written a grievance on three guards but that it was rejected by the warden for not going through the proper procedure.[1] *Id.* at 2.

## II.
## LAW & ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit under § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). Additionally, his use of administrative remedies must comply with the applicable deadlines and other critical procedural rules in order to qualify as exhaustion. *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006). District courts have no discretion to waive a prisoner's failure to properly exhaust the administrative remedy process before filing suit. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). However, there are certain circumstances, such as interference by prison officials or reliance on an officer's statement that effectively rendered administrative remedies unavailable, where the Fifth Circuit has recognized an exception to the exhaustion requirement. *Huff v. Neal*, 555 Fed. App'x 289, 294–95 (5th Cir. 2014).

Failure to exhaust is an affirmative defense under the PLRA, and so inmates are not required to demonstrate exhaustion in their complaints. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Additionally, a district court may not "sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). However, a court may dismiss a

---

[1] Ontego states that he was told, apparently by the warden, that he first had to fill out a request form asking for a grievance form. Doc. 4, p. 2. He maintains that a guard gave him a grievance form without telling him that he first had to fill out a request form. *Id.*

complaint prior to service if it is facially apparent that the prisoner's claims are unexhausted. *Id.* at 327–28 (citing *Jones*, 127 S.Ct. at 920–21).

Correctional facilities in Louisiana generally employ a two-step administrative remedy procedure. *Dillon v. Rodgers*, 596 F.3d 260, 265 (5th Cir. 2010). Under this procedure, an inmate first submits his grievance to the warden at the facility where the incident occurred.[2] *Id.* at 265–66. If the inmate is dissatisfied with the warden's response or does not receive a response in a timely manner, he may then appeal to the Louisiana Secretary of the Department of Public Safety and Corrections. *Id.* at 266. An inmate may only file suit in district court if he is unsatisfied with the second step response. *Id.* at 265–66.

Here, though apparently dissatisfied with the warden's response, Ontego admits that he did not exhaust his claims. Thus his claims are plainly unexhausted, as he did not appeal to the Secretary of the Department of Public Safety and Corrections and it is not even clear that he complained to the warden about the events involved in this case. Accordingly, this matter must be dismissed.

### III.
#### CONCLUSION

Ordinarily, a *pro se* litigant should be given the opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1054, 1054 (5th Cir. 1998). Opportunity to amend is not required, however, if the petitioner has already pleaded his "best case" or if the dismissal is without prejudice. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Lerma v. Falks*, 338 Fed. App'x 472, 474 (5th Cir. 2009). Here Ontego admits that he has not exhausted his claims as required. Accordingly, his complaint must be dismissed without prejudice under § 1997e(a).

---

[2] However, if the subject matter of the complaint is sensitive and the inmate fears retaliation, he may skip the first step and file his complaint with Louisiana's Assistant Secretary of Adult Services. *Dillon*, 596 F.3d at 266.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE